UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FEB 2 6 2007

2007 FEB 27 P 3: 24

RAYMOND DELVECCHIO             :

        Petitioner,    :         3: 03cr228 (JCH)

V.                             : CASE NO. 07-0088

UNITED STATES OF AMERICA,      :

        Respondent.    :

## MOTION FOR CERTIFICATE OF APPEALABILITY

COMES NOW, petitioner Delvecchio, pro-se, without the assistance of counsel, respectfully submits before this Honorable Court his motion for certificate of appealability ("COA"), due to the District Court's denial of petitioner Delvecchio's 28 U.S.C. § 2255, as well as his 28 U.S.C. § 2253 (c)(2) COA.

### I. STATEMENT OF THE CASE

#### Course Of Proceedings And Disposition In The Court Below

Petitioner Delvecchio was arrested on August 8, 2003, after a complaint and arrest warrant were issued against him in the United States District Court for the District of Connecticut. The first indictment charged sixteen (16) counts against petitioner Delvecchio. A superseeding indictment was filed on November 13, 2003, charging petitioner Delvecchio with twenty-nine (29) counts. A second superseeding indictment issued on May 26, 2004 charged

- 1 -

twenty-one counts.

Petitioner Delvecchio pleaded guilty to Counts (3 sss), (8 sss), (10 sss), and (12 sss) on September 22, 2004. Those counts were: (1) threatening to murder a federal law enforcement officer in violation of 18 U.S.C. § 115 (a)(1)(B), and (2) multiple counts of felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922 (G)(1).

Petitioner Delvecchio was sentenced on February 23, 2005 to concurrent sentences of 174 months. Petitioner Delvecchio faced statutory sentence of fifty (50) years imprisonment. Petitioner Delvecchio in the plea agreement, along with the Government, agreed that he would waiver his right s to appeal if his sentence was less than 210 months. (See Exhibit "13").

On September 6, 2006, petitioner Delvecchio filed the instant petition to vacate, set aside or correct sentence (section 2255).

On October 4, 2006, the Court ordered the Government to show cause.

On November 1, 2006, the Government moved for an extension of time until 30 days to respond to motion to vacate.

On November 5, 2006, Order granting Motion For Extension Of Time until December 1, 2006.

On December 8, 2006, the Motion To Vacate/Set Aside/Correct Sentence (2255) was denied.

Although, petitioner Delvecchio filed a reply to the Government's reply, without given time to reply to the Government's response, the District Court denied his motion on November 1, 2006, without giving petitioner Delvecchio a chance to reply. See Attachment "A".

## II. STANDARD OF REVIEW

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct attack." Ciak v. U.S., 59 F.3d 296, 301 (2nd Cir. 1995)(internal citation omitted). "As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. United States, 32 F.3d 31, 35 (2nd Cir. 1994)(internal citations and quotation marks omitted).

## III. DISCUSSION

The Government pointed out that Delvecchio's plea agreement includes a waiver of his right to appeal or collaterally attack either his conviction or sentence so long as the sentence imposed by the court did not exceed 210 months: "it is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the court if that sentence does not exceed 210 months...." Gov't Mem. at Ex. A, Plea agreement Letter as to Raymond Delvecchio, September 20, 2004. The sentence imposed by this court, 174 months, did not exceed the cap provided for in this portion of the plea agreement and, therefore, absent a demonstration that the waiver was invalid, it is binding on Delvecchio.

If valid, a waiver of the right to appeal and to collaterally attack a sentence provides sufficient basis to dismiss the petition for habeas corpus

relief. United States v. Djelevic, 161 F.3d 104, 106-07 (2nd Cir. 1998)(finding that "[i]t is well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable.")(citation omitted); see also Campusano v. United States of America, 204 WL 1824112 (S.D.N.Y. 2004)(holding that "[a] defendant's waiver of his right to appeal and/or collaterally attack his sentence is generally enforceable as long as the record contains sufficient evidence to establish that the defendant knowingly and voluntarily waved these rights."); Jimminez v. United States, 262 F.Supp.2d 85, 88 (S.D.N.Y 2003)(holding that waiver provision in plea agreement required court to dismiss petitioner's section 2255 motion); Alcantara v. United States of America, 203 WL 102873 (S.D.N.Y. 2003)(dismissing motion to vacate sentence on the basis that petitioner had waived the right to bring the motion under the terms of the plea agreement). Thus, absent a showing that the waiver was invalid, Delvecchio's instant petition must be barred because his right to bring it was waived in the plea agreement.

The record of the plea colloquy shows that Delvecchio clearly indicated that he was fully aware of the decision he was making, as the court reviewed the specific terms of the agreement and ensured that the defendant was waiving his right knowingly and voluntarily, Thus, petitioner Delvecchio appears to have waived his right to bring this petition. However, even if he **had not, Delveccchio ap**pears to argue that § 922 (g) is invalid and that this court thus lacked subject-matter jurisdiction. This argument can be dismissed summarily; however, as the Second Circuit has already ruled that § 922 (g) is constitutional. See United States v. Sorrentino. 72 F.3d 294, 297 (2nd Cir. 1995). The court analyzed § 922 (g) in light of the Supreme Court's ruling in

United States v. Lopez, 514 U.S. 549 (1995), and held that § 922 (g) "avoids the constitutional deficiency identified in Lopez because it requires a legitimate nexus with interstate commerce."[1] Sorrentino, 72 F.3d at 296, 297 (citing other circuit opinions confirming constitutionality). Thus, Delvecchio's constitutional challenge fails.

V. ARGUMENT

Issue I

Petitioner Delvecchio stringently contends that this court should throughly recognize that his plea agreement could never be waived for lack of jurisdiction where no federal crime had been proven and/or made out available to petitioner, therefore, said plea was unknowingly, unintelligently, and involuntarily entered and, thus, unconstitutional.

Subject matter jurisdiction cannot be waived or stipulated to. California v. Larue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). Any stipulation to the subject matter jurisdiction must be struck from the record and a waiver also. Jurisdiction cannot be presumed to exist. "Facts supporting Article III jurisdiction must appear affirmatively from the record." FW/PBS, Inc. v. Dallas, 493 U.S. 215, 107 L.Ed.2d 603 at 621, 110 S.Ct. 596 (1990).

---

[1] In Scarborough v. U.S., 431 U.S. 563, 575 (1977), the Supreme Court held that, with respect to 18 U.S.C. § 1202 (a), predecessor § 922 (g), "we see no indication that congress intended to require any more the minimal nexus that the firearm have been, at some time, in interstate commerce."

The stipulation or waiver of the essential jurisdictional elements are not allowed. When removed from the record, there exists an insufficient factual basis to support a conviction. This requires a judgement of acquittal on all counts where jurisdiction was waived or stipulated. U.S. v. Locklear, 97 F.3d 196, 199-200 (7th Cir. 1996); Rule 29 (A), Fed.R.Crim.Proc.

Petitioner Delvecchio also contends that he has demonstrated in his 2255 motion that section 922 (g) of Title 18 U.S.C. is not positive federal law applicable to him; thus, petitioner Delvecchio's conviction in this case at bar is void for statutory and regulatory violations of substantive and procedural due process under the Fifth Amendment to the United States Constitution. The Government never addressed petitioner Delvecchio's motion, but found his legal claim to be very ambiguous and confusing, should be rejected by this Honorable Court and addressed point by point on the merits. The judgment [§ 922 (g)] entered where the District Court lacked subject jurisdiction, must be set aside as a matter of law, and as mandated by the Constitution. See Saffer and Ashner v. Van Brunt, 158 F.R.D. 278 (S.D.N.Y. 1994).

If a judgment is void, it is a nullity from the outset and when a rule providing for relief from void judgments is applicable, relief "is not discretionary, it is mandatory." See Orner v. Shalalo, 30 F.3d 1307, Id. at 1310 (10th Cir. 1994). The Government's argument should be rejected.

Issue II

In the Government's opening argument on page 10, the Government states that the petitioner's motion should be denied because he is contending that 922 (g)(1) is unconstitutional and that it violates the Second Amendment to

- 6 -

the Constitution.

Petitioner Delvecchio acknowledges that this argument has undoubtedly been brought before the court on numerous occasions in numerous manners; however, petitioner Delvecchio wishes to point out Amendment II specifically states and/or stipulates "The right of the people to keep and bear arms, <u>shall not be infringed</u>." No where does it state that if a person is convicted of a felony, misdemeanor, or any other crime they lose this right. It is very explicit, <u>shall not be infringed</u>!!! To deny for any reason, is to infringe.

The Government <u>does</u> have the right to regulate (by mandate <u>registration</u> of firearms and regulating by and through licenses for carrying), they <u>do not</u> have the right to deny simple possession!!! "Amendment II". In <u>Jones/Laughlin Steel</u> the <u>court</u> <u>warned</u> that the <u>scope</u> of the <u>interstate commerce power</u> "<u>must be considered</u> in the light of our <u>dual system</u> of <u>government</u> and <u>may not be extended</u> so <u>as to embrace</u> effects upon interstate commerce so indirect and remote that to embrace them, in view of our complex society, would effectually obliterate the distinction between what is national and what is local and create a <u>completely centralized government</u>." 301 U.S. at 37. 81 L.Ed. 893, 57 S.Ct. 615; <u>see also</u> <u>Darby</u>, <u>supra</u>, at 119-120, 85 L.Ed. 609, 61 S.Ct. 451, 132 ALR 1430.

The Government ins the second paragraph on page 10 states, "it is clear, where defendant now emphasizes this is blatantly unclear and petitioner Delvecchio requests the court to look at <u>Lopez</u>, 131 L.Ed.2d at 654. We have said that <u>congress may regulate not only</u> "commerce...among the several states", U.S. Const., Art. I § 8, cl. 3, but also "<u>anything that has a substantial effect</u>" on any commerce. This test, if taken to its <u>logical extreme</u>, would give <u>congress</u> a "<u>police power</u>" <u>over all aspects of American</u>

life.

Unfortunately, we have never come to grips with this implication of our substantial effects formula. Although we have supposedly applied the substantial effects test for the past 60 years, we "always have rejected readings of the commerce clause and the scope of federal power that would permit congress to exercise a police power; our cases are quite clear that there are real limits to federal power. See New York v. United States, 505 U.S. 120, 112 S.Ct. 2408 (1992) ("[N]o one disputes the proposition that '[t]he Constitution created a Federal government of limited powers'")(quoting Gregory v. Ashcroft, 501 U.S. 452, 457, 115 L.Ed.2d 410, 111 S.Ct. 2395 (1991); Maryland v. Wirtz, 392 U.S. 183, 196, 20 L.Ed.2d 1020, 88 S.Ct. 2017 (1968); NLRB v. Jones/Jaughlin Steel Corp., 301 U.S. 37, 81 L.Ed. 893, 57 S.Ct. 615, 108 ALR 1352 (1937). Cf. Chisholm v. Georgia, 2 Fall 419, 435, 1 L.Ed 440 (1793)(Iredell, J.)("Each state in the Union is sovereign as to all the powers reserved. It must necessarily be so, because the United States have no claim to any authority but such as the state have surrendereds to them").

Indeed, on this crucial point, the majority and Justice Breyer agree in principle: the federal Government has nothing approaching a police power. Compare ante, at 131 L.Ed.2d at 635-637 with post at, 131 L.Ed.2d at 679. It is, therefore, petitioner Delvecchio's position that the Government's arguments are misplaced and should be rejected by this court and addressed. It is so prayed justice shall prevail.

### THIS COURT SHOULD ISSUE A COA

In Mifller-El v. Cockrell, 537 U.S. 322 (2003), this court clarified the

procedures for addressing the COA issue stating that "...a C.O.A. does not require a showing that the appeal will succeed...after all when a C.O.A. is sought the whole premise is that the the prisoner 'has already failed in that endeavor.'" 537 U.S. at 377 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983). And because the COA requirement is jurisdictional in nature the determination as to whether a COA should issue is a threshold inquiry into whether the Circuit Court may entertain an appeal. Miller-El, 537 U.S. at 336 (quoting Slack v. McDaniel, 529, 473, 482 (2001); Mohn v. United States, 524, 236, 248 (1998).

Petitioner Delvecchio prays that this Honorable Court of appeals issue a COA.

Dated: February 21, 2007.

Respectfully submitted,

*Raymond Delvecchio* (signature)

Raymond Delvecchio

# PROOF OF SERVICE

I certify that on __Feb. 21, 2007__ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Christopher Schmeisser-AUSA
Keith King - AUSA
U.S. Attorney's Office
157 Church St.
New Haven, Ct.  06510


Signature: *Raymond DelVecchio*
Name: Raymond Delvecchio-15254-014
Address: FCI Fairton
P.O. Box 420
Fairton, NJ 08320

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __Feb. 21, 2007__ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Signature: *Raymond DelVecchio*

Dated: __Feb. 21, 2007__